DA 21-0294

FILED

02/22/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0294

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 40N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

BOYD VAN FLEET,

      Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fifth Judicial District,<br>In and For the County of Madison, Cause No. DC-29-2017-13<br>Honorable Luke Berger, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

      Christopher J. King, Attorney at law, Worland, Wyoming

      For Appellee:

      Austin Knudsen, Montana Attorney General, Roy Brown, Assistant Attorney General, Helena, Montana

      Chris Christensen, Madison County Attorney, Virginia City, Montana

Submitted on Briefs: January 26, 2022

Decided: February 22, 2022

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Boyd Van Fleet (Van Fleet) was charged with felony theft of a horse named "Magic," Count I; felony theft of a hot tub, Count II; felony removal of livestock from the State without inspection, Count III; felony theft of livestock and business records, Count IV; illegal branding of Magic, Count V; and misdemeanor theft of a firearm, Count VI. The State and Van Fleet entered into a plea agreement and Van Fleet was subsequently sentenced by the District Court. Van Fleet appeals, arguing that the court did not accept his plea agreement and that the court should have expressly rejected the agreement and advised Van Fleet he could withdraw his plea.

¶3 Van Fleet was the ranch manager of Birch Creek Ranch. On May 5, 2007, Van Fleet purchased Magic in Wyoming for Jim Guyette (Guyette), who owns and operates Birch Creek Ranch. Guyette paid Van Fleet with a check. On May 31, 2016, Van Fleet was terminated as a ranch manager and he moved out of the ranch on June 20, 2016. Thereafter, Guyette noticed that Magic was missing and Guyette contacted police. Through social media, Magic was eventually located and suspected to be on Van Fleet's property. Police executed a search warrant on Van Fleet's property and found a horse matching Magic's

2

description. Magic had a brand which was inconsistent with livestock records which marked Magic as a "no brand" on his brand certificate.

¶4 The parties orally reached a plea agreement, but the plea agreement was never reduced to writing. At the change of plea hearing, the terms of the agreement were provided to the court and the court confirmed that the plea agreement was an "open" plea, explaining to Van Fleet that the plea agreement was nonbinding on the court, that the court did not have to follow the recommendations of any party, and that Van Fleet would not have the opportunity to withdraw his plea. Van Fleet agreed to enter a no contest plea to Count I, theft of Magic, in return for the State's dismissal of all remaining counts. Additional terms of the plea agreement provided Van Fleet would return Magic to Guyette and execute a bill of sale establishing that Magic was transferred to Guyette; Guyette would pay Van Fleet $7,500 for a cattle shipment unrelated to the theft of Magic; and Guyette and Van Fleet agreed that they would not pursue any claims, both civil and criminal, against each other.

¶5 The District Court confirmed that Van Fleet was satisfied with his counsel's representation, that he understood the terms of the plea agreement, that he was entering the no contest plea freely and voluntarily, and that he was not under the influence of any substances. The District Court explained the rights Van Fleet was giving up by foregoing a jury trial and entering a plea of guilty, and Van Fleet confirmed his understanding. Van Fleet acknowledged that his no contest plea did not limit the court's authority to impose any legal sentence and that the court was not bound by the recommendations of either the State or Van Fleet. Van Fleet acknowledged that it was in his best interest to

3

accept the plea. The District Court accepted Van Fleet's no contest plea and found him guilty of felony theft. The matter was set for sentencing.

¶6 Prior to sentencing, Van Fleet filed a motion to withdraw his no contest plea. Van Fleet explained that he had returned Guyette's check for $7,500 and that he feared the State would recommend a prison sentence. The District Court addressed Van Fleet's motion to withdraw his no contest plea at the May 3, 2021, sentencing hearing. The court suggested that Van Fleet wait to see what sentence was imposed before pursuing his motion to withdraw. If Van Fleet was dissatisfied with the sentence the court imposed, the court advised it would allow Van Fleet to renew his motion to withdraw his plea. Van Fleet and his counsel agreed with this approach and agreed that if Van Fleet did not like the sentence imposed, Van Fleet would renew his motion to withdraw his guilty plea.

¶7 At the sentencing hearing, the State recommended the mandatory minimum fine of $5,000 and a ten-year sentence of incarceration, with five years suspended. Van Fleet recommended a probationary sentence and argued that Guyette had not performed under the plea agreement because Guyette did not send a certified check of $7,500 for the cattle. Guyette had, in fact, sent checks on two occasions which Van Fleet rejected. The State responded that the issue of "certified funds" was never a negotiated term of the plea agreement, and that Van Fleet received the benefit of the plea when the State agreed to dismiss all remaining counts. The District Court sentenced Van Fleet, imposing an eight-year sentence to the Department of Corrections, all suspended, and imposed the $5,000 mandatory minimum fine.

¶8     Importantly, the District Court once again advised Van Fleet that he could renew his motion to withdraw his no contest plea. The court gave Van Fleet until Wednesday, May 5, 2021, to renew his motion. Van Fleet never renewed his motion to withdraw his guilty plea and the District Court entered its judgment on May 17, 2021.

¶9     This Court generally does not address issues raised for the first time on appeal. *State v. Hatfield*, 2018 MT 229, ¶ 15, 392 Mont. 509, 426 P. 3d 569. However, we may discretionally review unpreserved claims alleging errors implicating a criminal defendant's fundamental rights under the common law plain error doctrine. *State v. Akers*, 2017 MT 311, ¶ 13, 389 Mont. 531, 408 P. 3d 142 (citing *State v. Taylor*, 2010 MT 94, ¶ 12, 356 Mont. 167, 231 P. 3d 79). The party requesting reversal bears the burden of convincing this Court that the claimed error implicates a fundamental right and that such review is necessary to prevent a manifest miscarriage of justice or that failure to review the claim may leave unsettled the question of fundamental fairness of the proceedings or may compromise the integrity of the judicial process. *Akers*, ¶ 13.

¶10     Van Fleet argues for the first time on appeal that he entered into a plea agreement with the State pursuant to § 46-12-211(1)(a), MCA. Van Fleet argues that because he entered a –(1)(a) plea agreement, the court should have allowed him to withdraw his plea. In the District Court, however, Van Fleet never asserted he entered a –(1)(a) plea and agreed with the court that it could conduct sentencing first and allow Van Fleet to renew his motion to withdraw his plea after sentencing, if necessary. To properly preserve an issue or argument for appeal, a party must first raise the issue or argument in the district

court. Van Fleet did not receive an illegal sentence; thus, the only available review is through plain error. In order to obtain plain error review, a defendant must:

> (1) show that the claimed error implicates a fundamental right and (2) firmly convince this Court that the failure to review the claimed error would result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process.

*State v. Norman*, 2010 MT 253, ¶ 17, 358 Mont. 252, 244 P.3d 737 (internal quotations omitted). Van Fleet fails to establish any of the factors warranting the exercise of plain error review. Van Fleet has waived and abandoned any challenge to his alleged right to withdraw his no contest plea by failing to renew his motion and challenge to the plea agreement when given the opportunity to do so by the District Court.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE